UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | CV 15-07623-RSWL-Ex |
| Plaintiff-in-Interpleader, | **ORDER** re: Motion to Strike Affirmative Defenses in Answer of Lysaght Law Group LLP to Complaint-in-Interpleader [28] |
| v. | |
| YOUSEF RABADI; INTESAR ALTURK; BILL BILTAGI; LYSAGHT LAW GROUP LLP; and DOES 1 through 10, | |
| Defendants-in-Interpleader. | |

Currently before the Court is Defendants-in-Interpleader Yousef Rabadi, Intesar Alturk, and Bill Biltagi's (collectively, "Rabadi Defendants") Motion to Strike Affirmative Defenses in Answer of Lysaght Law Group LLP ("LLG") to Complaint-in-Interpleader [28] ("Motion to Strike").  Having reviewed all papers

1

submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS IN PART** Rabadi Defendants' Motion to Strike [28].

## I. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may, by motion or on its own initiative, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)).

The grounds for a motion to strike must appear on the face of the pleading under attack.[1] SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995); see also Whittlestone, 618 F.3d at 973-74 (considering only the five grounds listed in Rule 12(f) in ruling on a motion to strike). In addition, the Court must view the pleading under attack in the light more favorable to

---

[1] Ordinarily matters outside the pleadings are not considered on a Rule 12(f) motion to strike. Thornton v. Solutionone Cleaning Concepts, Inc., No. CIV F 06-1455 AWI SMS, 2007 WL 210586, at *1 (E.D. Cal. Jan. 26, 2007). The Court does not consider the Declaration of Natasha Riggs and Exhibits A through D in ruling on Rabadi Defendants' Motion to Strike. See Decl. of Natasha Riggs, Exs. A-D, ECF No. 32.

2

1  the pleader when ruling on a motion to strike. <u>In re</u>
2  <u>2TheMart.com, Inc. Sec. Litig.</u>, 114 F. Supp. 2d 955,
3  965 (C.D. Cal. 2000) (citing <u>California v. United</u>
4  <u>States</u>, 512 F. Supp. 36, 39 (N.D. Cal. 1981)).

**B.   Discussion**

    Rabadi Defendants seek to strike LLG's seven affirmative defenses asserted in LLG's Answer to Plaintiff's Complaint-in-Interpleader:

1. Recovery to Rabadi Defendants is barred or diminished under the doctrine of estoppel;
2. Recovery to Rabadi Defendants is barred or diminished due to their unclean hands;
3. Recovery to Rabadi Defendants is barred or diminished because they conspired with each other and third parties to strip LLG of recovery of all amounts LLG is due pursuant to its attorney's fee lien;
4. Recovery to Rabadi Defendants is barred or diminished because they were engaged in a prohibited Stranger Owned Life Insurance ("STOLI") scheme in violation of California Insurance Code § 10110.01;
5. Recovery to Rabadi Defendants is barred or diminished on grounds of unjust enrichment;
6. Recovery to Rabadi Defendants is barred or diminished due to their violation of 18 U.S.C. § 1962(a)-(d); and
7. Additional affirmative defenses which LLG

presently has insufficient knowledge and information upon which to form a belief. See LLG's Answer to Compl. ¶¶ 22-28.

1. <u>Rabadi Defendants have standing.</u>

LLG argues that Rabadi Defendants lack standing to challenge its affirmative defenses. Under Federal Rule of Civil Procedure 12(f) "a party" may move to strike a pleading even "if a response [to the pleading] is not allowed." Fed. R. Civ. P. 12(f)(2). Thus, Rabadi Defendants may move to strike LLG's pleading even though they were not allowed to respond to LLG's Answer to Plaintiff's Complaint-in-Interpleader.

In any case, the Court may strike matter from a pleading on its own. Fed. R. Civ. P. 12(f)(1). LLG's standing argument lacks merit.

2. <u>LLG's first, second, fourth, fifth, and sixth affirmative defenses are insufficient defenses.</u>

    a. *No relief sought against Plaintiff*

"An affirmative defense is a defensive assertion of new facts or arguments that, if true, would defeat the asserted claim even if the claim's allegations are proven true." John Bourdeau, et al., *What constitutes affirmative defense for pleading purposes*, 5 Cyc. of Fed. Proc. § 15:87 (3d ed.); <u>see also</u> <u>Bay Area Roofers Health and Welfare Trust v. Sun Life Assurance Company of Canada</u>, No. 13-cv-04192-WHO, 2013 WL 6700017, *2 (N.D. Cal. 2013).

Rabadi Defendants argue that LLG's affirmative

4

defenses are improper because "they do not allege matters that would preclude the interpleader action if all of the elements of [Plaintiff's] interpleader claim are proven." Rabadi Defs.' Mot. to Strike 4:22-23.

Plaintiff's Complaint-in-Interpleader, however, admits liability for the Policy proceeds and requests that the Court determine the proper recipient of the proceeds. Compl. ¶¶ 28-29. LLG's affirmative defenses directly impact this Court's determination of the proper recipient of the Policy proceeds. If LLG prevails on its affirmative defenses, Rabadi Defendants' claim to the Policy proceeds will be reduced or barred. Thus, LLG's affirmative defenses are not insufficient, redundant, impertinent, and immaterial because they seek relief against Rabadi Defendants, and not Plaintiff.

      b. *Federal Rule of Civil Procedure 8*

Courts within the Ninth Circuit are split on the issue of whether the pleading standard articulated in Bell Atlantic Corporation v. Twombly[2] and Iqbal v. Ashcroft[3] extends to the pleading of affirmative defenses, and no circuit court of appeals appears to have addressed the issue. Compare Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010), with Enough for Everyone,

---

[2] 550 U.S. 544 (2007).

[3] 556 U.S. 662 (2009).

5

1  Inc. v. Provo Craft & Novelty, Inc., No. SA CV 11-1161
2  DOC (MLGx), 2012 WL 177576, at *3 (C.D. Cal. Jan. 20,
3  2012).
4      Although Rules 8(a)(2) and 8(b) both require "short
5  and plain" statements to support the complaint and
6  answer, and the purpose of pleading in both cases is to
7  provide notice to the other party, the question of
8  whether the Twombly and Iqbal standards extend to the
9  pleading of affirmative defenses is best resolved by
10 the text of the Rule 8.  Enough, 2012 WL 177576, at *2.
11     Rule 8 governs general pleading standards.  Rule
12 8(a) pertains to claims for relief.  Rule 8(b) pertains
13 to defenses, admissions, and denials.  Rule 8(c)
14 pertains to affirmative defenses.  Rule 8(b)(1)
15 mandates that "[i]n responding to a pleading, a party
16 must (A) state in short and plain terms its defenses to
17 each claim asserted against it; and (B) admit or deny
18 the allegations asserted against it by an opposing
19 party."  Fed. R. Civ. P. 8(b)(1).  Under Rule 8(c),
20 "[i]n responding to a pleading, a party must
21 affirmatively *state* any avoidance or affirmative
22 defenses, including [various examples provided]."  Fed.
23 R. Civ. P. 8(c) (emphasis added).
24     Rule 8(a)(2), on the other hand, requires a claim
25 for relief to contain "a short and plain statement of
26 the claim *showing that the pleader is entitled to*
27 *relief* . . . ."  Fed. R. Civ. P. 8(a)(2) (emphasis
28 added).

1	The two sub-parts of Rule 8 "appear to demand more
2	from a party stating a claim for relief, i.e., the
3	party stating a claim must *show* he or she is entitled
4	to relief." Enough, 2012 WL 177576, at *2 (emphasis in
5	original).  In contrast, a party stating a defense need
6	only *state* any defense, and state each defense "in
7	short and plain terms." Id.  Given this distinction,
8	the Court does not apply the Twombly/Iqbal heightened
9	pleading standard to the pleading of affirmative
10	defenses. Id.  Instead, an affirmative defense need
11	only give Plaintiff "fair notice of the defense." Id.
12	(citing Simmons v. Navajo Cnty., 609 F.3d 1011, 1023
13	(9th Cir. 2010)).
14	Under the "fair notice" pleading standard, LLG's
15	first affirmative defense of estoppel is not adequately
16	pled.  LLG alleges that Rabadi Defendants are barred
17	from recovery under the doctrine of estoppel "by virtue
18	of conduct among themselves and with third parties."
19	LLG's Answer to Compl. ¶ 22.  Without stating what
20	"conduct" is at issue, LLG's first affirmative defense
21	does not provide fair notice to Rabadi Defendants.
22	Solis v. Zenith Capital, LLC, No. C 08-4854 PJH, 2009
23	WL 1324051, at *2 (N.D. Cal. May 8, 2009) (citing Jones
24	v. Community Redevelopment Agency, 733 F.2d 646, 649
25	(9th Cir. 1984)) ("Where an affirmative defense simply
26	states a legal conclusion or theory without the support
27	of facts explaining how it connects to the instant
28	case, it is insufficient and will not withstand a

motion to strike."). The Court **STRIKES** LLG's first affirmative defense.

Similarly, LLG's second affirmative defense of unclean hands does not provide sufficient notice to Rabadi Defendants of any specific conduct constituting unclean hands. See id. The Court **STRIKES** LLG's second affirmative defense.

LLG's fourth affirmative defense for violation of California Insurance Code § 10110.01 is also insufficiently pled under a "fair notice" pleading standard. LLG merely alleges that Rabadi Defendants "were engaged in a prohibited STOLI scheme . . . in violation of Insurance Code section 10110.01." LLG's Answer to Compl. ¶ 25. LLG does not state the elements of a claim for violation of California Insurance Code § 10110.01, and provides no factual basis for Rabadi Defendants' alleged violation of that section. See id. The Court **STRIKES** LLG's fourth affirmative defense.

Further, in LLG's fifth affirmative defense for unjust enrichment, LLG conclusorily alleges that Rabadi Defendants are barred from recovery "due [to] their acts and conduct among themselves and with third parties." These allegations do not provide adequate notice of the alleged conduct giving rise to the defense. See id. The Court **STRIKES** LLG's fifth affirmative defense.

LLG's sixth affirmative defense also does not provide "fair notice" of Rabadi Defendants alleged

violations of 18 U.S.C. § 1962(a)-(d). Although LLG's affirmative defense describes the four claims allowed under § 1962, LLG does not allege any particular predicate actions by Rabadi Defendants that constitute "a pattern of racketeering activity." These conclusory allegations are insufficient to give fair notice of the defense and the Court **STRIKES** LLG's sixth affirmative defense. See id.

The only remaining affirmative defenses are LLG's third affirmative defense for conspiracy and seventh affirmative defense for "additional affirmative defenses." LLG's seventh affirmative defense is addressed in the next section. LLG's third affirmative defense for Conspiracy is adequate to give "fair notice of the defense" to Rabadi Defendants. Contrary to Rabadi Defendants' assertion, the wrongful act giving rise to the conspiracy claim is the wrongful "strip[ping] LLG of recovery of all amounts it is due pursuant to its attorney's fee lien."

3. LLG's seventh affirmative defense is redundant.

Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005).

LLG's seventh affirmative defense for Additional Affirmative Defenses reserves the right for LLG to assert additional affirmative defenses. This defense is redundant of Federal Rule of Civil Procedure 15,

under which LLG may seek to amend its pleadings. An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Solis, 2009 WL 1324051, at *7. LLG "cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement [its] affirmative defenses.'" Id. Accordingly, the Court **STRIKES** LLG's seventh affirmative defense **WITH PREJUDICE** because the defense cannot be saved by amendment.

### 4. Rabadi Defendants will suffer prejudice.

Even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party. Solis, 2009 WL 1324051, at *3 (citing Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381). Prejudice can arise from allegations that cause delay or confusion of the issues. Sands, 902 F. Supp. 1149 at 1166. In the absence of more specific allegations, Rabadi Defendants will suffer prejudice in the form of confusion if the above-mentioned defenses are not stricken.

## III. CONCLUSION

For these reasons, the Court **GRANTS IN PART** Rabadi Defendants' Motion to Strike. LLG's first, second, fourth, fifth, and sixth affirmative defenses are **STRICKEN**. LLG's seventh affirmative defense is **STRICKEN WITH PREJUDICE**. Only LLG's third affirmative defense survives Rabadi Defendants' Motion to Strike.

To the extent that this Order prevents LLG from alleging affirmative defenses because there are no facts that could show that an affirmative defense is plausibly applicable to Rabadi Defendants, the Court will grant leave to LLG to amend its Answer at such time as LLG becomes aware of facts tending to show the plausibility of additional affirmative defenses pertaining to Rabadi Defendants, provided that LLG exercises diligence in determining such facts. See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (allowing defendant to state a plausible defense after facts become available); see also Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("If the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party.").

**IT IS SO ORDERED.**

DATED: March 31, 2016          /s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge