```
 1
 2
 3
 4
 5
 6
 7
 8                  UNITED STATES DISTRICT COURT
 9                 CENTRAL DISTRICT OF CALIFORNIA
10
11
12  TRANSAMERICA LIFE INSURANCE  )  CV 15-07623-RSWL-Ex
    COMPANY,                     )
13                               )
                                 )
14  Plaintiff-in-Interpleader,   )  ORDER re: Cross-
                                 )  defendants Lysaght Law
15       v.                      )  Group LLP and Brian C.
                                 )  Lysaght's Special Motion
16                               )  to Strike Second Cross-
    YOUSEF RABADI, INTESAR       )  claim under C.C.P. §
17  ALTURK, BILL BILTAGI,        )  425.16 [34] and Motion
    LYSAGHT LAW GROUP LLP, and   )  to Dismiss Second Cross-
18  DOES 1 through 10,           )  claim Pursuant to
                                 )  F.R.C.P. 12(b)(6) [35]
19                               )
    Defendants-in-Interpleader.  )
20  _____ )
                                 )
21  YOUSEF RABADI, INTESAR       )
    ALTURK, and BILL BILTAGI,    )
22                               )
                                 )
23        Cross-claimants,       )
                                 )
24       v.                      )
                                 )
25                               )
    LYSAGHT LAW GROUP LLP, and   )
26  BRIAN C. LYSAGHT,            )
                                 )
27                               )
          Cross-defendants.      )
28
                                 1
```

1    Presently before the Court are two motions by
2 Cross-defendants Lysaght Law Group LLP ("LLG") and
3 Brian C. Lysaght ("Lysaght") (collectively, "Cross-
4 defendants"): (1) Special Motion to Strike Second
5 Cross-claim Under C.C.P. § 425.16 [34] ("Anti-SLAPP
6 Motion"), and (2) Motion to Dismiss Second Cross-claim
7 Pursuant to F.R.C.P. 12(b)(6) [35] ("12(b)(6) Motion").
8    Having reviewed all papers submitted pertaining to
9 these Motions, the Court **NOW FINDS AND RULES AS**
10 **FOLLOWS:** the Court **GRANTS** Cross-defendants' Anti-SLAPP
11 Motion [34] and dismisses as **MOOT** Cross-defendants'
12 12(b)(6) Motion [35].
13                    **I. BACKGROUND**
14 **A.   Factual Background**
15    Victoria Rabadi (the "Insured") was insured under a
16 life insurance policy by TLIC (the "Policy").  Compl. ¶
17 10.  Cross-claimants Yousef Rabadi, Intesar Alturk
18 ("Alturk"), and Bill Biltagi ("Biltagi") (collectively,
19 "Cross-claimants") are the beneficiaries of the Policy.
20 Id.
21    On about April 15, 2015, Cross-defendants filed a
22 Notice of Attorney's Lien (the "Lien") in Los Angeles
23 Superior Court in connection with their representation
24 of the plaintiffs in case number BC459192 ("Los Angeles
25 Superior Court action").  Id. at ¶ 11; see also Decl.
26 of Natasha Riggs ("Riggs Decl."), Ex. D, ECF No. 36-4.
27 Cross-defendants claim that they represented Josef
28 Rabadi, Reem Rabadi, and Sandra Rabadi against Abraham

Khader and other defendants, including Alturk, in connection with a securities fraud and RICO case. <u>Id.</u> at p. 6. The Lien states that Cross-defendants have a contractual attorney's lien on all proceeds and compensation of any kind paid to Josef Rabadi, Reem Rabadi, and/or Sandra Rabadi as clients. <u>Id.</u> at ¶ 11.

The Insured died on May 18, 2015. <u>Id.</u> at ¶ 13. After the Insured died, Cross-claimants made claim to the full Policy proceeds. <u>Id.</u> at ¶ 14.

On June 23, 2015, TLIC's attorney contacted Lysaght on behalf of TLIC. <u>See</u> Decl. of Natasha Riggs ("Riggs Decl."), Ex. G, ECF No. 36-7. The letter from TLIC's attorney included a copy of Cross-defendants' Notice of Attorney's Lien filed in the Los Angeles Superior Court action, and stated that TLIC's attorney "would appreciate your confirming whether the lien is still in effect or has been satisfied." <u>Id.</u>

On June 29, 2015, Cross-defendants sent a reply to TLIC stating that the Lien "remains in full force and effect as a charging lien and has not been disturbed or reduced since it was filed on April 14, 2014." <u>Id.</u>, Ex. H, ECF No. 36-8.

On August 19, 2015, TLIC replied to Cross-Defendants' June 29 letter, stating that Cross-Defendants' former clients (Josef, Reem, and Sandra Rabadi) are not named beneficiaries under the Insured's Policy. Riggs Decl., Ex. I, ECF No. 36-9. TLIC stated that it would not be paying the Policy proceeds to any

3

of these individuals. Id. TLIC also stated that "we understand that your firm may be taking the position . . . that it is or could be entitled to some portion of the Policy proceeds based on the Lien." Id. TLIC noted that it had discussed the possibility of filing an interpleader action with Cross-claimants, but that "it is unclear if that is necessary given that you have not unequivocal [sic] made a claim to any of the Policy proceeds based on the Lien but have simply reaffirmed the Lien is in effect and would be applicable to payments (direct or indirect) made by [TLIC] to any of the individuals subject to the Lien." Id.

TLIC alleges that Cross-defendants subsequently demanded that TLIC pay 30% of the Policy benefits to them pursuant to the Lien. Compl. ¶ 16; see Decl. of Stephen E. Blaine ("Blaine Decl."), Ex. B, p. 7, ECF No. 45-1.[1] Cross-defendants assert that the Lien applies to the Policy proceeds because the proceeds might be indirectly paid by one or more of the Cross-claimants to one of more of Cross-defendants' former

---

[1] In an email dated August 24, 2015, Cross-defendants state, "Our lien . . . reaches all proceeds and compensation of every kind and character, in cash or in-kind, transmitted directly or indirectly to plaintiffs we represented or any third person in which our former clients had a beneficial interest. The lien is in no way limited to the nominal beneficiary under a policy." Blaine Decl. ¶ 3, Ex. B, p. 7. Cross-defendants claim that "[t]he fact that Rabadi who is the nominal beneficiary of the Transamerica policy is a Rabadi with a different first name than the Rabadis that we represented is not determinative of anything" because Khader "routinely uses bogus names and entities to hide the real beneficiaries and so far no one will advise us of whether and to what extent he is involved with this policy." Id.

4

clients in the Los Angeles Superior Court action who are subject to the Lien. Compl. ¶ 17; see also Blaine Decl., Ex. B, p. 7.

Cross-claimants dispute Cross-defendants' claim and assert that Cross-claimants are entitled to the remaining 30% of the Policy proceeds. Compl. ¶ 18.

On September 18, 2015, TLIC paid the undisputed 70% of the Policy proceeds to the trust account for Cross-claimants. Id. at ¶ 20. TLIC alleges that it is unable to determine which of the Defendants should be paid the remaining 30% of the Policy proceeds without the risk of exposing itself to multiple liability. Id. at ¶ 21.

**B.  Procedural Background**

On September 29, 2015, TLIC filed its Complaint-in-Interpleader against Cross-claimants and Cross-defendants [1].

Cross-claimants filed their Answer [20] and cross-claims [22] against Cross-defendants on January 13, 2016. Cross-claimants assert two cross-claims for: (1) declaratory relief, and (2) intentional interference with contractual relations. Cross-cls. ¶¶ 1-20, ECF No. 22.

On February 23, 2016, Cross-defendants filed the instant Anti-SLAPP Motion [34], seeking to strike Cross-claimants second cross-claim for intentional interference with contractual relations. Cross-defendants also filed a 12(b)(6) Motion [35].

The Opposition [45] and Reply [48] to Cross-defendants' Anti-SLAPP Motion were timely filed, and the matter was taken under submission on April 7, 2016 [52].

## II. DISCUSSION

**A.  Legal Standard**

A defendant may bring a special motion to strike any cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Code Civ. Proc. § 425.16(b)(1).  When ruling on an anti-SLAPP motion, the court employs a two-step process.  It first looks to see whether the moving party has made a prima facie showing that the challenged causes of action arise from an act in furtherance of protected activity. Drell v. Cohen, 181 Cal. Rptr. 3d 191, 194 (Cal. Ct. App. 2014) (citing Cal. Code Civ. Proc. § 425.16(b)(2)); Equilon Enters. v. Consumer Cause, Inc., 52 P.3d 685, 694 (Cal. 2002). If the moving party meets this threshold requirement, the burden then shifts to the other party to demonstrate a probability of prevailing on its claims. Drell, 181 Cal. Rptr. 3d at 194 (citing Cal. Code Civ. Proc. § 425.16(b)(3)).

In making these determinations, the court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense

is based." Cal. Code Civ. Proc. § 425.16(b)(2).

**B.   Discussion**

    1.   Protected Activity

The Court must first determine whether Cross-defendants have made a prima facie showing that the cross-claim for intentional interference with contractual relations arises from protected activity.

Cross-defendants argue that Cross-claimants' cause of action for intentional interference with contractual relations "is based on conduct in the exercise of LLG's protected rights: the filing and assertion of a notice of attorney's lien in the Superior Court." Anti-SLAPP Mot. 1:16-17.

Cross-claimants argue that their intentional interference claim is based on conduct that occurred prior to the initiation of any litigation to enforce the Lien, and accordingly, Cross-defendants' communications were not made in any judicial proceeding, and the communications are not protected activity. Opp'n 2:17-24.

Statements made in litigation, or in connection with litigation, are protected by section 425.16(e). Drell, 181 Cal. Rptr. 3d at 194. Courts have adopted a "fairly expansive view" of litigation-related conduct to which the anti-SLAPP provisions apply. Kashian v. Harriman, 98 Cal. App. 4th 892, 908 (Cal. Ct. App. 2002). In making a prima facie showing, it is not enough to establish that the action was filed in

response to or in retaliation for a party's exercise of the right to petition. <u>Navellier v. Sletten</u>, 52 P.3d 703, 708-09 (Cal. 2002); <u>City of Cotati v. Cashman</u>, 52 P.3d 695, 702 (Cal. 2002). Rather, the claim "must be *based on* the defendant's protected free speech or petitioning activity." <u>Navellier</u>, 52 P.3d at 708-09 (emphasis in original).

In <u>Drell v. Cohen</u>, the defendants asserted an attorney fee lien in a personal injury lawsuit involving a former client. 181 Cal. Rptr. 3d 191, 192 (Cal. Ct. App. 2014). Plaintiff, the client's subsequent attorney, filed a complaint for declaratory relief to determine the status of the defendants' lien. <u>Id.</u> Defendants filed an anti-SLAPP motion asserting that plaintiff's complaint arose from their protected activity in filing the lien. <u>Id.</u> The appellate court held that the complaint was not based on protected activity because the complaint did not allege that defendants engaged in wrongdoing by asserting their lien, and did not seek to prevent defendants from exercising their right to assert their lien. <u>Id.</u> at 195. The court emphasized that protected conduct which is merely incidental to the claim does not fall within the ambit of section 425.16. <u>Id.</u> at 194.

Here, Cross-defendants' Notice of Attorney's Lien was filed in conjunction with the ongoing litigation in the Los Angeles Superior Court, and is protected petitioning activity. <u>See</u> <u>id.</u>; <u>see also</u> Decl. of

8

Natasha Riggs ("Riggs Decl.") ¶ 6, Exs. D & E, ECF No. 36. Unlike in <u>Drell</u>, where the plaintiff did not allege that defendants engaged in wrongdoing by asserting the lien, the cross-claim here is based entirely on Cross-defendants assertion of their Lien, and the "gravaman of the claim" is a SLAPP.[2] See <u>Drell</u>, 181 Cal. Rptr. 3d at 29. Accordingly, Cross-claimant's cause of action for intentional interference with contractual relations arises from Cross-defendants' protected petitioning activity within the meaning of section 425.16.

In addition, communications that are made in anticipation of litigation are generally entitled to protection, <u>Briggs v. Eden Council for Hope & Opportunity</u>, 969 P.2d 564, 569 (Cal. 1999), and a challenged communication is deemed to have been made "in connection with" a lawsuit if the lawsuit was "under serious consideration" at the time the communication was made, <u>Davis v. Hollins Law</u>, 942 F. Supp. 2d 1004, 1013 (E.D. Cal. 2013). Cross-claimants argue that the challenged conduct was not Cross-defendants' filing of the Notice of Lien in the Los Angeles Superior Court action, but rather their assertion to TLIC that they have a lien on the Policy

---

[2] The second cross-claim alleges: "[B]y asserting . . . that [Cross-defendants] had an attorney's lien on the Policy Proceeds . . . [Cross-defendants] intended to interfere, and did interfere, with Cross-claimants' receipt of the Policy Proceeds as provided by the terms of the Policy Proceeds." Cross-cl. ¶ 18.

9

proceeds. See Opp'n 6:4-9. Even so, Cross-defendants' communications with TLIC amount to protected petitioning activity in anticipation of the instant interpleader action. See Beheshti v. Bartley, No. RG07320387, 2009 WL 5149862, at *5 (Cal. Ct. App. Dec. 29, 2009) (notice of lien was protected activity under section 425.16 because it was made in anticipation of litigation that materialized when an interpleader action was filed).

After TLIC contacted Cross-defendants in June 2015, Cross-defendants replied to TLIC that the Lien filed in the Los Angeles Superior Court action remained in full force. Riggs Decl., Ex. H.

On August 19, 2015, TLIC informed Cross-defendants that TLIC would not be paying the Policy proceeds to any of Cross-defendants' former clients, as those individuals were not named beneficiaries under the Policy. Riggs Decl., Ex. I. TLIC noted that an interpleader action had been discussed with Cross-claimants, but it was not clear if an interpleader was necessary since Cross-defendants had not made an unequivocal claim to the Policy proceeds. See id.

On August 25, 2015, Cross-defendants responded to TLIC by making an unequivocal claim to any Policy proceeds transmitted to their former clients or "any third person in which our former clients had a beneficial interest." Blaine Decl., Ex. B, p. 7. This "unequivocal claim" was made in anticipation of this

interpleader action. Unlike in <u>Davis</u>, where the court found that no lawsuit was "under serious consideration" because no details were provided to show what event might trigger the filing of a lawsuit, Cross-defendants' "unequivocal claim" to the Policy proceeds gave rise to the need for an interpleader action. <u>See</u> 942 F. Supp. 2d at 1013.

Cross-defendants also made clear that "[if] TLIC wishes to litigate [LLG's] entitlement to 30% of [the Policy proceeds], then there are mechanisms to do that." Riggs Decl., Ex. I. Cross-defendants noted that they encouraged the Insured's lawyer, Stephen Blaine, "to seek judicial resolution of the matter but he has not done so, notwithstanding his initial threats to do so immediately." <u>Id.</u> Cross-defendants demanded that TLIC pay 30% of the Policy proceeds to their firm's account, and stated that "Mr. Blaine can if he chooses seek to recover those amounts from us." <u>Id.</u> These statements fall within the category of "statements made in connection with or in preparation of litigation," which are entitled to anti-SLAPP protection. <u>Kolar v. Donahue, McIntosh & Hammerton</u>, 52 Cal. Rptr. 3d 712, 716 (Cal. Ct. App. 2006).

In addition, "conduct that would otherwise come within the scope of the anti-SLAPP statute does not lose its coverage . . . simply because it is *alleged* to have been unlawful or unethical." <u>Kashian v. Harriman</u>, 98 Cal. App. 4th 892, 910-11 (Cal. Ct. App. 2002). The

11

legitimacy of Cross-defendants' conduct is not to be resolved in determining whether the claim arises from Cross-defendants' protected activity, but rather, must be raised by Cross-claimants in connection with their burden to show a probability of prevailing on the merits. Flatley v. Mauro, 139 P.3d 2, 12 (Cal. 2006).

Because the second cross-claim for intentional interference with contractual relations is based on Cross-defendants' protected activity in connection with and in anticipation of this interpleader action, the Court will proceed to the next step of determining whether there is a reasonable probability that Cross-claimants will prevail on their claim.

2. Probability of Prevailing

In order to establish a probability of prevailing on the claim, a plaintiff responding to an anti-SLAPP motion must "state and substantiate a legally sufficient claim." Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guar. Ass'n, 39 Cal. Rptr. 3d 43, 52 (Cal. Ct. App. 2006) (citations omitted). The claimant must demonstrate that the challenged cause of action was "both legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Navellier v. Sletten, 29 Cal. 4th 82, 89-90 (Cal. 2002) (citations omitted). This determination is made in light of the pleadings and evidentiary submissions of both parties: "[T]hough the court does not weigh the

credibility or comparative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." Premier Med., 39 Cal. Rptr. 3d at 52.

Cross-claimants do not "state and substantiate a legally sufficient claim." Premier Med., 39 Cal. Rptr. 3d at 52.

Under California law, a cause of action for intentional interference with contractual relations requires proof of the following elements: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc., 766 F.3d 1002, 1006 (9th Cir. 2014) (quoting Pac. Gas & Elec. Co. v. Bear Stearns & Co., 791 P.2d 587, 589-90 (Cal. 1990)). Wrongfulness independent of the inducement to breach the contract is not an element of the tort for intentional interference with existing contractual relations. Quelimane Co. v. Stewart Title Guaranty Co., 960 P.2d 513, 530 (Cal. 1998).

Here, Cross-claimants do not even allege a valid contract between TLIC and Cross-claimants. The second

13

cross-claim does not incorporate the prior allegations made in the first cross-claim, and the only allegation that could support the existence of a contract is paragraph 11, which states: "The Policy established an economic relationship between [TLIC] and Cross-claimants with the probability of a future economic benefit to Cross-claimants as beneficiaries of the Policy." Cross-cl. ¶ 11. This bare allegation, without more, does not establish that the "Policy" is a valid contract between TLIC and Cross-claimants.

Moreover, although Cross-claimants label their second claim as "intentional interference with contractual relations," the allegations are more properly characterized as alleging a claim for "intentional interference with prospective economic relations." See id. A plaintiff seeking to recover under a claim for intentional interference with prospective economic relations must prove that the defendant "not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 393 (Cal. 1995). Cross-defendants' statements to TLIC in connection with their Lien claim do not amount to an independent wrong, and there is no probability that Cross-claimants would prevail on a claim for intentional interference with prospective economic relations.

14

In addition, the supporting evidence makes clear that TLIC's attorney initiated the communications with Cross-defendants concerning the Lien, and not vice versa. See Riggs Decl., Exs. G, H. In response, Cross-defendants confirmed that their Lien was still in effect, which gave rise to this interpleader action. This evidence is not sufficient to prove that Cross-defendants knew of the alleged Policy between Cross-claimants and TLIC, or acted intentionally to induce TLIC to breach the Policy with Cross-claimants.

Lastly, Cross-claimants do not provide any affidavits or evidence to demonstrate that TLIC breached the Policy by seeking a determination in interpleader of how to distribute the Policy proceeds.

To meet its burden to prove a probability of success on their claim, Cross-claimants' sole argument is to suggest that Cross-defendants' Notice of Lien exceeds the scope of their retainer agreement with their former clients, and cannot possibly attach to the Policy proceeds. This assertion, if found to be true, would not entitle Cross-defendants to any amount of the Policy proceeds. However, this assertion is not sufficient to support a tort claim for interference with contractual or prospective economic relations.

### III. CONCLUSION

For these reasons, the Court **GRANTS** Cross-defendants' Anti-SLAPP Motion [34] to strike Cross-claimants' second cross-claim for intentional

interference with contractual relations, with fees and costs are awarded to Cross-defendants.  Cal. Code Civ. Proc. § 425.16(c)(1).  Cross-defendants' 12(b)(6) Motion [35] is **MOOT**.

**IT IS SO ORDERED.**

DATED: May 17, 2016             s/ RONALD S.W. LEW
                                **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge

16