1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   TRANSAMERICA LIFE INSURANCE )   CV 15-07623-RSWL-Ex
     COMPANY,                    )
13                               )
                 Plaintiff-in-   )   **ORDER** re: Cross-
14               Interpleader,   )   Defendants' Motion for
                                 )   Attorney's Fees and
15        v.                     )   Costs Sanctions Under
                                 )   C.C.P. § 425.16 and 28
16   YOUSEF RABADI; INTESAR      )   U.S.C. § 1927 [63]
     ALTURK; BILL BILTAGI;       )
17   LYSAGHT LAW GROUP, LLP; and )
     DOES 1 to 10,               )
18                               )
                 Defendants-in-  )
19               Interpleader.   )
     _____)
20                               )
     YOUSEF RABADI; INTESAR      )
21   ALTURK; and BILL BILTAGI,   )
                                 )
22        Cross-Complainants,    )
                                 )
23        v.                     )
                                 )
24   LYSAGHT LAW GROUP, LLP and  )
     BRIAN C. LYSAGHT,           )
25                               )
          Cross-Defendants.      )
26   _____)

27       This case is an interpleader action brought by

28   Plaintiff Transamerica Life Insurance Company ("TLIC")

                                  1

against Defendants-in-Interpleader Yousef Rabadi, Intesar Alturk ("Alturk"), Bill Biltagi ("Biltagi") (collectively, Yousef Rabadi, Alturk, and Biltagi are "Cross-claimants"), Lysaght Law Group LLP ("LLG"), and Bryan C. Lysaght ("Lysaght") (collectively, LLG and Lysaght are "Cross-defendants"), to determine the respective rights to a percentage of the Policy proceeds on a life insurance policy issued by TLIC.

On May 17, 2016, this Court granted Cross-defendants anti-SLAPP motion to dismiss Cross-claimants' cross-claim for intentional interference with contractual relations.  In its Order granting the anti-SLAPP motion, the Court awarded fees and costs to Cross-defendants.  <u>See</u> Order Granting Anti-SLAPP Mot. 2:8-12, ECF No. 59.

Presently before the Court is Cross-defendants' Motion for Attorney's Fees and Costs Sanctions Under C.C.P. § 425.16 and 28 U.S.C. § 1927 [63] ("Motion for Attorney's Fees").  Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** the Motion for Attorney's Fees because Cross-defendants are self-represented litigants who are not entitled to fees.

## I. BACKGROUND

On January 13, 2016, Cross-claimants filed two cross-claims against Cross-defendants for: (1) declaratory relief, and (2) intentional interference with contractual relations [12].

2

1    On February 23, 2016, Cross-defendants filed: (1) a
2    special motion to strike the intentional interference
3    with contractual relations claim pursuant to
4    California's anti-SLAPP statute, California Code of
5    Civil Procedure 425.16 [34] ("Anti-SLAPP Motion"), and
6    (2) a motion to dismiss the claim pursuant to Federal
7    Rule of Civil Procedure 12(b)(6) [35] ("Rule 12(b)(6)
8    Motion").
9    On May 17, 2016, this Court granted the Anti-SLAPP
10   Motion, and dismissed as moot the Rule 12(b)(6) Motion
11   [22].
12   Cross-defendants filed their Motion for Attorney's
13   Fees [63] on May 31, 2016.  The Opposition and Reply
14   briefs [67, 68, 70, 71] were timely filed, and the
15   matter was taken under submission on June 30, 2016
16   [75].
17                    **II. DISCUSSION**
18   **A.  Legal Standard**
19   California's anti-SLAPP statute, California Code of
20   Civil Procedure § 425.16, generally provides that "a
21   prevailing defendant on a special motion to strike
22   shall be entitled to recover his or her attorney's fees
23   and costs."  Cal. Code Civ. Proc. § 425.16(c)(1); see
24   also Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (Cal.
25   2001).  "The language of the anti-SLAPP statute is
26   mandatory; it requires a fee award to a defendant who
27   brings a successful motion to strike."  Cabral v.
28   Martins, 99 Cal. Rptr. 3d 394, 411 (Cal. Ct. App.

1  2009).

2      Under <u>Trope v. Katz</u>[1] and its progeny, however, law

3  firms and attorney litigants are precluded from

4  recovering attorney's fees for self-representation.

5  <u>Soni v. Wellmike Enter. Co.</u>, 169 Cal. Rptr. 3d 631, 639

6  (Cal. Ct. App. 2014); <u>see also</u> <u>Carpenter & Zuckerman v.</u>

7  <u>Cohen</u>, 124 Cal. Rptr. 3d 598, 609-10 (Cal. Ct. App.

8  2011); <u>Witte v. Kaufman</u>, 46 Cal. Rptr. 3d 845, 851-52

9  (Cal. Ct. App. 2006).  Based on this rule, attorney's

10  fees are not recoverable for a law firm that is

11  represented by an employee or associate of the firm.

12  <u>Carpenter</u>, 124 Cal. Rptr. 3d at 609-10.  In addition,

13  California courts have not allowed the recovery of

14  attorney's fees under the anti-SLAPP statute where an

15  attorney litigant is not represented by counsel and an

16  attorney-client relationship does not exist.[2]  <u>See</u>

17  <u>Witte</u>, 46 Cal. Rptr. 3d at 849 (citing <u>Ramona Unified</u>

18  <u>Sch. Dist. v. Tsiknas</u>, 37 Cal. Rptr. 3d 381, 392-93

19  (Cal. Ct. App. 2005)).

20      In contrast, cases that have allowed attorney's

21

22

23    [1] <u>Trope v. Katz</u>, 902 P.2d 259, 272 (Cal. 1995).

24    [2] The Ninth Circuit has not addressed the issue of whether a
SLAPP suit defendant, who personally defends against a SLAPP with
the assistance of another partner in his firm, and successfully
25  moves for dismissal of the claim under California Civil Code §
425.16, is entitled to an award of reasonable attorney's fees
26  under the mandatory attorney's fees provisions of § 425.16(c).
This Court finds persuasive the rulings of California appellate
27  courts which suggest the answer to this question is "no."  <u>See</u>
<u>Carpenter</u>, 124 Cal. Rptr. 3d at 609; <u>Witte</u>, 46 Cal. Rptr. 2d at
28  849.

fees under California's contractual fee provisions[3] or
the anti-SLAPP statute[4] are marked by the existence of
an attorney-client relationship. <u>Witte</u>, 46 Cal. Rptr.
3d at 849; <u>see also</u> <u>Dowling v. Zimmerman</u>, 103 Cal.
Rptr. 3d 174, 194 (Cal. Ct. App. 2001) ("[A] defendant
who appears in a SLAPP action in propria persona and
later retains specially appearing counsel who
successfully brings on behalf of the defendant a
special motion to strike under section 425.16, is
entitled to recover an award of reasonable attorney
fees under the mandatory provisions of subdivision (c)
of that section.").

For example, a corporate litigant which is
represented by in-house counsel may recover attorney's
fees. <u>PLCM Grp. v. Dexler</u>, 997 P.2d 511, 516-17 (Cal.
2000).

Further, attorney litigants who retain other
attorneys to represent their personal interests may
recover attorney's fees, just like non-attorney
litigants. <u>Soni</u>, 169 Cal. Rptr. 3d at 639. If the
matter involves the attorney's personal interests, the
attorney litigant may recover attorney's fees, even if
represented by other attorneys within the attorney
litigant's firm. <u>Gorman v. Tassajara Dev. Corp.</u>, 100
Cal. Rptr. 3d 152, 194 (Cal. Ct. App. 2009) (attorney

---

[3] Cal. Civ. Code § 1717.

[4] Cal. Code Civ. Proc. § 425.16(c).

litigant was represented by an associate in connection
with a personal matter concerning defective
construction of his home); <u>Gilbert v. Master Washer &</u>
<u>Stamping Co.</u>, 104 Cal. Rptr. 2d 461, 466 (Cal. Ct. App.
2001) (attorney litigant was represented by other
members of law firm when attorney litigant was
personally sued in a landlord/tenant dispute).

**B.**   **<u>Discussion</u>**

   1.   <u>Reconsideration of the Order Granting</u>
        <u>Attorney's Fees</u>

        Under Local Rule 7-18, the Court is empowered
to reconsider decisions on prior motions.  Local Rule
7-18(c) specifically provides that:

   "A motion for reconsideration of the decision
   on any motion may be made . . . on the grounds
   of . . . a manifest showing of a failure to
   consider material facts presented to the Court
   before such decision."

Cross-claimants' Opposition essentially seeks
reconsideration of the part of the Court's May 17, 2016
Order [59] awarding fees and costs to Cross-defendants.

   The Court reconsiders its award of attorney's fees
and costs because the Court failed to consider whether
Cross-defendants LLG and Lysaght were self-represented
litigants who are not entitled to an award of
attorney's fees.

   2.   <u>Whether to Grant Attorney's Fees</u>

        a.   *LLG is not entitled to attorney's fees.*

6

It is a well-settled principle that "when a law firm is the prevailing party in a lawsuit and is represented by one of its partners, members, or associates, it cannot recover attorney fees even though the litigation is based on a contract with a prevailing party clause." <u>Sands & Assocs. v. Juknavorian</u>, 147 Cal. Rptr. 3d 725, 726 (Cal. Ct. App. 2012). This principle applies with equal force to an award of attorney's fees under California's anti-SLAPP statute. <u>See</u> <u>Witte</u>, 46 Cal. Rptr. 3d at 849 (applying the definition of attorney's fees found in Civil Code § 1717 (contractual attorney's fees provision) to attorney's fees under California Code of Civil Procedure § 425.16(c)).

In <u>Witte</u>, the California Court of Appeal held that a law firm was not entitled to attorney's fees under the SLAPP statute where the law firm was represented by its own members. 46 Cal. Rptr. 3d at 851-52. The court reasoned that an attorney-client relationship did not exist between the law firm and its members, and the firm did not incur any attorney's fees in bringing the anti-SLAPP motion because all the work was done by members of the firm who represented their own interests through their representation of the firm. <u>Id.</u>

Similarly, in <u>Carpenter</u>, the California Court of Appeal held that a law firm was not entitled to attorney's fees under the SLAPP statute for work done by an associate of the firm. 124 Cal. Rptr. 3d at 608.

7

The court found that "the law firm and its partners, in seeking to recover the reasonable value of [the associate's] services . . . in effect, were seeking to recover 'lost opportunity costs.'" Id. Unlike the in-house counsel in PLCM, which could recover fees, the court found that the associate did not represent the interests of the firm, but rather the clients of the firm. Id. The court did not find any evidence that the associate functioned as in-house counsel to the firm, and reasoned that the associate's position was comparable to a sole practitioner representing himself or herself. Id.

Here, Cross-defendant LLG is represented by Natasha Riggs ("Riggs") and Lysaght. Decl. of Natasha Riggs ("Riggs Decl.") ¶ 1, ECF No. 64; Suppl. Decl. of Natasha Riggs ("Suppl. Riggs Decl.") ¶ 1, ECF No. 72. Riggs and Lysaght are both partners at LLG. Riggs Decl. ¶ 1; Decl. of Brian C. Lysaght ("Lysaght Decl.") ¶ 2, ECF No. 64. Both Riggs and Lysaght have appeared as LLG's attorneys in this matter, and both attorneys are listed as attorneys of record for LLG. Based on Riggs' and Lysaght's status as partners, LLG, in seeking to recover the reasonable value of their services on the anti-SLAPP motion, in effect, is seeking to recover "lost opportunity costs." "The involvement of 'lost opportunity costs' is one rationale for denying attorney fees for self-representation." Carpenter, 124 Cal. Rptr. 3d at 608.

1    Moreover, in contrast to the in-house counsel in
2    PLCM, no evidence has been presented which shows that
3    Lysaght or Riggs represented LLG as independent
4    counsel.  Accordingly, an attorney-client relationship
5    does not exist between Riggs or Lysaght and LLG, and
6    LLG is not entitled to attorney's fees.
7              b.  *Lysaght is not entitled to attorney's*
8                  *fees.*
9        In Gilbert, the California Court of Appeal held
10   that a lawyer represented by other members of his law
11   firm was entitled to recover reasonable attorney's fees
12   where the representation involved the lawyer's personal
13   interests, and not those of the firm.  104 Cal. Rptr.
14   2d at 462.  Relying on Gilbert, Cross-defendants argue
15   that Lysaght is entitled to recover fees because "he
16   was sued personally, and his own personal interests
17   were at stake."  Opp'n to Alturk and Biltagi 4:28-5:2,
18   ECF No. 68.
19       In Carpenter, however, the California Court of
20   Appeal held that a law firm and its partners were not
21   entitled to attorney's fees under the SLAPP statute for
22   work done by an associate of the firm.  124 Cal. Rptr.
23   3d at 609.  With regards to the individual partners,
24   the court found no evidence that the SLAPP claim
25   against the firm and its partners subjected the
26   individual partners to potential individual liability
27   separate and apart from the potential liability of the
28   firm.  Id.  The court noted that causes of action were

1  jointly asserted against the firm and its partners, and
2  none of the allegations concerned conduct by the
3  partners that was unrelated to the business or goals of
4  the firm.  Id.  The court also did not find any
5  evidence that the associate performed services on
6  behalf of the individual partners, in addition to the
7  time she spent representing the interests of the law
8  firm.  Id.

9      This case is more akin to Carpenter than to
10 Gilbert.  Cross-defendants admit that Lysaght was sued
11 based on LLG's notice of attorney's lien.  Although
12 Lysaght was personally named in the cross-complaint,
13 the tort claim did not involve Lysaght's personal
14 interests, but rather, those of LLG.  Thus, unlike in
15 Gilbert, in which other members of the attorney
16 litigant's firm represented the attorney litigant's
17 "personal interests" in a landlord/tenant litigation,
18 the tort allegations against Lysaght were not personal,
19 but were directly related to the business of LLG.

20     Moreover, Riggs states in her Supplemental
21 Declaration that "[t]here was no additional work
22 involved due to the fact that the firm was sued.  There
23 was no additional time spent because LLG was sued; the
24 issues, research and legal arguments were the same."
25 Suppl. Riggs Decl. ¶ 4.  Thus, although Lysaght was
26 named in his individual capacity in the cross-
27 complaint, there was no indication in the record that
28 there was any potential individual liability, separate

1  and apart from the potential liability of LLG.

2       In sum, "[i]n order to recover attorney fees for

3  work done on behalf of individual attorneys in a law

4  firm, there must be a showing that the fees sought to

5  be recovered are not attributable to representation of

6  the law firm." Carpenter, 124 Cal. Rptr. 3d at 610.

7  No such showing is made here.  In this litigation,

8  Riggs represented the interests of LLG on the anti-

9  SLAPP motion.  Thus, Riggs performed services for the

10 law firm that employed her.  She did not form an

11 attorney-client relationship with Lysaght individually.

12 Accordingly, this case is governed by the general rule

13 that a law firm which represents itself in litigation

14 cannot recover its own attorney's fees under

15 California's anti-SLAPP statute.  Cross-defendants are

16 not entitled to fees for services rendered to Lysaght.

17          c.   *Attorney's fees are not warranted under 28*

18               *U.S.C. § 1927 or the Court's inherent*

19               *power.*

20      Under 28 U.S.C. § 1927, any attorney "who so

21 multiplies the proceedings in any case unreasonably and

22 vexatiously may be required by the court to satisfy

23 personally the excess costs, expenses, and attorneys'

24 fees reasonably incurred because of such conduct."  28

25 U.S.C. § 1927.  This Court also has inherent power to

26 "levy fee-based sanctions when a party has acted in bad

27 faith, vexatiously, wantonly, or for oppressive

28 reasons, delaying or disrupting litigation, or has

taken actions in the litigation for an improper purpose." <u>Fink v. Gomez</u>, 239 F.3d 989, 991-92 (9th Cir. 2001).

Cross-defendants argue that the filing of the second cross-claim merits sanctions because the cross-claim lacked probable cause and did not state a claim for relief under Federal Rule of Civil Procedure 8.

Cross-defendants' argument is misplaced.  This Court did not rule on the merits of Cross-defendants' Rule 12(b)(6) Motion because it granted Anti-SLAPP Motion.  Accordingly, Cross-claimants' filing of the cross-claim, without more, does not support a finding of bad faith or vexatious conduct.

### III. CONCLUSION

For these reasons, the Court **DENIES** the Motion for Attorney's Fees.  Lysaght and LLG are not entitled to attorney's fees as self-represented litigants.

**IT IS SO ORDERED.**

DATED: July 20, 2016          s/ RONALD S.W. LEW

                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge